**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRAD NOURSE, *both individually and on behalf of a class of others similarly situated*,

                              Plaintiff,

- v -                                     Civ. No. 1:17-CV-807
                                                                    (BKS/DJS)

THE COUNTY OF JEFFERSON,

                              Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF ELMER ROBERT KEACH, III, PC<br>Attorney for Plaintiff<br>One Pine West Plaza, Suite 109<br>Albany, New York 12205 | ELMER ROBERT<br>KEACH, III ESQ.<br>MARIA K. DYSON, ESQ. |
| BARCLAY DAMON LLP<br>Attorney for Defendant<br>125 East Jefferson Street<br>Syracuse, New York 13202-2700 | TERESA M. BENNETT,<br>ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

      This is a putative class action alleging Fourth Amendment violations regarding strip search procedures for individuals admitted to the Jefferson County Jail pending the posting of bail. *See generally* Dkt. No. 1, Compl. Plaintiff's counsel has written to the Court regarding two discovery issues: (1) a request to conduct a site visit of the booking area at the Jefferson County Jail; and (2) a request for booking records to assist in identifying potential

class members. Dkt. No. 21. The Court held a telephone conference with counsel for the parties on October 11, 2018, at the conclusion of which the parties were directed to submit additional briefing. *See* Text Minute Entry, Oct. 11, 2018. Having considered the arguments of counsel during the telephone conference and in their supplemental submissions, Dkt. Nos. 24 & 27, the Court grants, in part, Plaintiff's requests.

**A. Physical Inspection of Booking Area at Jefferson County Jail**

This case concerns the propriety of certain strip searches at Defendant's Jail. Part of the relief sought is injunctive relief requiring Defendant to hold detainees in custody in the Jail booking facility for up to four hours without conducting strip searches. Compl. at ¶¶ 22, 27 & "Prayer for Relief." Defendant has already taken the position that it lacks space to make such an accommodation. Dkt. No. 5-1. The space available at the Jail, therefore, is clearly relevant to this case and a physical inspection of the booking room is appropriate.

Plaintiff's counsel seeks to inspect the booking room and has indicted he "would consent to the entry of a restrictive protective order" and seeks only to take photographs, not video, of the area. Dkt. No. 27 at p. 1. Defendant offers objections based on security concerns and the burdens associated with staffing during the inspection. Dkt. No. 24-2 at pp. 8-10. While such concerns are valid, they can be adequately addressed through means less limiting than precluding the inspection. *See generally Soler v. Cty. of San Diego*, 2016 WL 3460255 (S.D. Cal. June 24, 2016) (permitting inspection of jail, but imposing limitations); *Dang by & through Dang v. Eslinger*, 2015 WL 13655675, at *1 (M.D. Fla. Jan. 20, 2015)

(similar). A protective order, for example, can limit access to any photographs to counsel and any retained experts. And while there might be added burdens for staffing during such an inspection, the time period will be relatively brief and so any burden would not constitute an undue burden that outweighs the clear relevance of such a visit.

Accordingly, Plaintiff's request to conduct an inspection of the booking area and take photographs is granted. Prior to scheduling the inspection, the parties shall confer and agree upon a protective order regarding the inspection and any photographs that may be taken as a result.

### B. Request for Booking Records

Plaintiff also seeks booking records, in part to help identify other class members. Dkt. 27 at p. 2. Defendant has produced a redacted list of detainees. Dkt. No. 24 at p. 2. Defendant objects to further production on the ground that it is irrelevant, is burdensome, and would violate privacy interests of those whose personal information would be disclosed. Dkt. No. 24-2 at pp. 2-5. The information sought is clearly relevant to identifying potential class members and witnesses. Having considered the arguments of the parties, the Court again finds that while valid, Defendant's concerns can adequately be addressed by narrowly tailored production, subject to an appropriate protective order. Accordingly, the Court grants Plaintiff's request and directs Defendant to produce within thirty days to Plaintiff's counsel the name, address, telephone number, employer or other contact information, date of birth, social security number, date of arrest or confinement, and the date the detainee was released

from the facility for all detainees charged with misdemeanors or less at the Jefferson County Jail from July 21, 2014 to the present.

Prior to production, the parties shall confer and agree upon a protective order regarding the material provided which shall, at a minimum, limit access to this information to counsel and any retained experts.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Letter-Motion requesting a site inspection and document production is **GRANTED to the extent set forth above**; and it is further

**ORDERED**, that Clerk of the Court provide a copy of this Decision and Order upon the parties.

**SO ORDERED**.

Date: December 10, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge