UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRAD NOURSE, both individually and on behalf of a
class of others similarly situated,

                                 Plaintiff,              1:17-cv-00807 (BKS/DJS)

v.

THE COUNTY OF JEFFERSON,

                                 Defendant.
_____

**APPEARANCES:**

*For Plaintiff:*
Elmer Robert Keach, III
Law Offices of Elmer Robert Keach, III, PC
One Pine West Plaza, Suite 109
Albany, New York 12205

*For Defendant:*
Teresa M. Bennett
Barclay Damon LLP
125 East Jefferson Street
Syracuse, New York 13202

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Brad Nourse brings this action under 42 U.S.C. § 1983 against Defendant County of Jefferson, New York, alleging that his Fourth Amendment right against unreasonable searches was violated when he was strip searched during intake processing at the Jefferson County Jail (the "Jail") without being provided reasonable time to post bail. (Dkt. No. 1). A bench trial is scheduled to commence on April 12, 2021. Presently before the Court is Defendant's motion in limine seeking an order: (1) precluding Plaintiff from offering expert

testimony; and (2) precluding Plaintiff from testifying regarding any emotional distress damages. (Dkt. No. 76). Plaintiff responds that he does not intend to call an expert witness to testify at trial and opposes Defendant's motion to preclude him from testifying regarding emotional distress. (Dkt. No. 82; *see also* Dkt. No. 80 (Plaintiff's Witness List)). As Plaintiff does not identify any expert witnesses, Defendant's motion to preclude Plaintiff from offering expert testimony is denied. And for the reasons that follow, Defendant's motion to preclude Plaintiff from testifying regarding emotional distress damages is also denied.

## II.     DISCUSSION

Defendant seeks to preclude Plaintiff's "subjective testimony" regarding his emotional distress on the ground that Plaintiff "has not identified any other witness who can corroborate that the alleged emotional distress was actually suffered." (Dkt. No. 76-4, at 6). Plaintiff argues that the circumstances of the strip-search and his testimony regarding the emotional distress he suffered, including "[e]mbarrassment, humiliation, [and] insecurities" following the strip-search, are sufficient to justify emotional distress damages and such evidence should not be precluded. (Dkt. No. 82, at 1; Dkt. No. 44-1, at 79–81).

In its motion, citing *Patrolmen's Benevolent Association of City of New York v. City of New York*, 310 F.3d 43, 55 (2d Cir. 2002), Defendant correctly identifies the evidentiary requirements for an award of emotional distress damages in § 1983 cases. (Dkt. No. 76-4, at 5). However, *Patrolmen's Benevolent Ass'n*, does not support Defendant's argument. There, the Second Circuit stated that to justify an award of emotional distress damages, in addition to showing a "constitutional deprivation," a "plaintiff must establish that []he suffered an actual injury caused by the deprivation," and explained that "[a] plaintiff's subjective testimony, standing alone, is generally insufficient to sustain an award of emotional distress damages," and "must be substantiated by [1] other evidence that such an injury occurred, such as the testimony

of witnesses to the plaintiff's distress, or [2] the objective circumstances of the violation itself." 310 F.3d at 55 (internal citation omitted). Thus, witness testimony or other evidence corroborating a plaintiff's allegations of emotional distress may not be necessary where, as here, Plaintiff intends to rely on the "objective circumstances of the violation itself" to satisfy the substantiation requirement. Accordingly, Defendant's motion to preclude Plaintiff's emotional distress testimony on the ground that he has not identified a witness who can substantiate his emotional distress fails. *See, e.g.*, *Malta v. Slagle*, No. 05-cv-342S, 2008 WL 4147134, at *3, 2008 U.S. Dist. LEXIS 67598, at *8–9 (W.D.N.Y. Sept. 3, 2008) (concluding that the plaintiff's "failure to provide medical evidence of injuries does not preclude an award for emotional distress damages," because the "jury could consider testimony about the circumstances of the violations to support [the plaintiff's testimony] that she suffered from anxiety and panic attacks as a result of Defendants' actions").

In addition, even if, as Defendant appears to suggest, Plaintiff's evidence of emotional distress is spare, its spare nature would not justify preclusion, but would be a matter for the fact finder to consider in determining whether Plaintiff has satisfied his burden. In *Dejesus v. Vill. of Pelham Manor*, 282 F. Supp. 2d 162, 177 (S.D.N.Y. 2003), one of the other cases Defendants cite in their motion to preclude Plaintiff's testimony, (Dkt. No. 76-4, at 5), the defendants moved for summary judgment dismissing the plaintiffs' claim for emotional distress damages. The court noted that the "evidence supporting" the plaintiffs' alleged emotional distress damages—"nervousness, an inability to concentrate, insecurity, depression and humiliation"—was "scant," and that "only minimal compensatory damages appear[ed] to be at issue." *Id.* at 178. The court, however, denied the defendants' motion and indicated that it would "allow Plaintiffs an opportunity to present evidence substantiating their emotional distress at trial," explaining that

3

"absent a finding that plaintiffs can produce no evidence to substantiate their claims for emotional distress, the existence of mental anguish damages is a matter of fact to be determined" at trial. *Id.* Thus, Defendant's motion to preclude Plaintiff from testifying regarding emotional distress is denied.

### III.    CONCLUSION

For these reasons, it is

**ORDERED** that Defendant's motion in limine (Dkt. No. 76) is **DENIED.**

**IT IS SO ORDERED.**

Dated:  April 5, 2021

Brenda K. Sannes
U.S. District Judge